CONCURRING OPINION

COLE, Judge: My views set forth in *Geo. S. Bush & Co., Inc., et al.* v. *United States*, 22 Cust. Ct. 158, C. D. 1175, questioning the jurisdiction of the division to decide a case somewhat similar to these proceedings, continue as the minority expression from the division. Under the practice and procedure of the court and the rules applicable thereto, much litigation before the court is dependent upon my participation in a decision of the same. Adhering, however, to my views expressed in the *Bush* case, *supra*, but for the purpose of expediting the work of the court, I am joining my colleagues in the disposition of this case, and concur in the opinion and judgment attached thereto.

**No. 54255.**—Miller Harness Co. et al. *v.* United States, protests 139138–K, etc. (New York).

Opinion by MOLLISON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE SECOND DIVISION, APRIL 20, 1950

**No. 54256.**—Fred'k J. Voelpel et al. *v.* United States, protests 925287–G, etc. (New York).

FORD, Judge: The protests listed in schedule "A," hereto attached and made a part hereof, present for our determination the question of the proper classification of certain imported cloth which was classified under paragraphs 904 and 905 of the Tariff Act of 1930 and duty levied thereon in accordance with the provisions of said paragraphs. It is claimed in said protests that the merchandise is properly dutiable at only 40 per centum ad valorem under paragraph 907 of the Tariff Act of 1930, or at 30 per centum ad valorem under said paragraph 907, as modified by the trade agreement with Belgium and Luxemburg, 67 Treas. Dec. 470, T. D. 47600, as waterproof cloth, wholly or in chief value of cotton or other

vegetable fiber, whether or not in part of India rubber. The effective date of said trade agreement was May 1, 1935.

The only evidence offered at the trial of these cases consists of the interrogatories of one Hans Colsman, wherein the witness testified that he was familiar with the merchandise designated as items S 1011 and S 1606 on the invoices covered by the protests listed in said schedule "A"; that he was informed of the details of these two qualities by personal knowledge as a member of the firm which manufactured these items; that in the preparation of this cloth for the market, it was intended ultimately to produce umbrella cloth and that the cloth was actually subjected to a waterproofing process; that such process made this cloth "* * * usable for umbrellas, waterproof and rainproof."

In his brief filed herein counsel for the plaintiff limits the claims in the protests listed in said schedule "A" to the merchandise represented on the invoices by items S 1011 and S 1606.

The question of what constitutes waterproof cloth within the meaning of paragraph 907 of the Tariff Act of 1930 and also of the same paragraph of the Tariff Act of 1922 has been the subject of considerable litigation before this court and our appellate court. It is not deemed necessary to review all of those decisions in this case. The evidence in this case brings the two items of merchandise here involved squarely within the definition of the words "waterproof cloth," found in said paragraph 907, as construed in *H. A. Caesar & Co. et al.* v. *United States,* 6 Cust. Ct. 455, C. D. 515; *H. A. Caesar & Co.* v. *United States,* 11 Cust. Ct. 246, Abstract 48690; *John A. Chard et al.* v. *United States,* 6 Cust. Ct. 531, Abstract 45323; *C. A. Auffmordt & Co.* v. *United States,* 68 Treas. Dec. 48, T. D. 47792; *United States* v. *Hudson Forwarding & Shipping Co.,* 18 C. C. P. A. (Customs) 258, T. D. 44427; *United States* v. *E. Dillingham, Inc.,* 19 C. C. P. A. (Customs) 210, T. D. 45297; *United States* v. *Western Commercial Co.,* 20 C. C. P. A. (Customs) 239, T. D. 46040.

In the *Hudson Forwarding & Shipping Co.* case, *supra,* our appellate court defined "waterproof cloth" as follows:

We therefore hold that the words "waterproof cloth," as used in paragraph 907, include only cloths which were designed or intended in their manufacture to repel water, or which are suitable for use as material for articles designed to repel water.

Upon the facts established by the evidence hereinbefore set out, and following the authorities above cited, we hold the merchandise represented by items S 1011 and S 1606, wherever those items appear on the invoices covered by the protests listed in said schedule "A," to be properly dutiable, those items which were entered for consumption or withdrawn from warehouse for consumption prior to May 1, 1935, at the rate of 40 per centum ad valorem under paragraph 907 of the Tariff Act of 1930, and those items which were entered for consumption or withdrawn from warehouse for consumption subsequent to said date, at the rate of 30 per centum ad valorem under paragraph 907 of the Tariff Act of 1930, as modified by the trade agreement with Belgium and Luxemburg, *supra,* as alleged by the plaintiffs.

To the extent indicated the specified claim in said protests is sustained; in all other respects and as to all other merchandise all the claims are overruled. Judgment will be rendered accordingly.