BEFORE THE SECOND DIVISION, OCTOBER 23, 1952

**No. 56914.**—Horace M. Benstead, Executor of the Estate of Edward Jordan, Decedent, et al. *v.* United States, protests 769079–G, etc. (New York).

RAO, Judge:  Certain cloth, in chief value of cotton, but in part of silk or artificial silk, was classified by the collector of customs at the port of New York as countable cotton cloth and assessed with duty at the appropriate rate or rates, according to the average yarn number, the condition of the cloth, and the manner of weave, as provided for in paragraphs 904 and 905 of the Tariff Act of 1930.  Pursuant to paragraph 924 of said act, an additional duty of 10 cents per pound on the cotton contained therein having a staple of 1⅛ inches or more in length was also assessed against said merchandise.  This latter assessment is not challenged in these proceedings.  It is contended, however, that the cloth is more specifically provided for in paragraph 907 of said act as waterproof cloth, wholly or in chief value of cotton, dutiable in the case of merchandise entered prior to May 1, 1935, at the rate of 40 per centum ad valorem, and in the case of merchandise entered subsequent to said date, at the rate of 30 per centum ad valorem, pursuant to the modification of said paragraph 907 contained in the trade agreement with Belgium and Luxemburg, 67 Treas. Dec. 470, T. D. 47600.

At the trial, counsel for the plaintiffs moved for a consolidation for purposes of trial of all of the protests listed in the schedule of protests attached to this decision and made part hereof, and, no objection having been raised by the defendant, the motion was granted.

It appears that Edward Jordan, importer of record and plaintiff in 17 of the consolidated protests, died some time prior to the date of trial, and a motion to substitute Horace M. Benstead, Executor of the Estate of Edward Jordan, Decedent, as party plaintiff in those actions was granted.

At the trial, it was established through the testimony of two witnesses called in behalf of plaintiffs that the cloth represented by item numbers 830, 400, 531, 671, and 630, on the invoices covered by the protests was, subsequent to its having been woven, subjected to a waterproofing process described as follows:

*  *  *  The cloth, after being taken off the looms where it was woven, was then put on rolls, what we call beams and put on a machine and passed through a waterproof solution, and the solution was in a trough.  The cloth would be passed through this trowel [sic], impregnating it with this solution and then passed over a calender which would dry it and then put on a take-up roll.  From the take-up roll, it would be put on a folding machine and folded in such a manner that it was prepared for shipment.

It was further affirmatively established that the cloth at bar was umbrella cloth, imported by or for umbrella manufacturers and used by them in the production of umbrellas; that for this purpose, cloth which had been subjected to a waterproof treatment was a necessary requirement; that the imported cloth was recognized in the trade as waterproofed cloth; and that it was used for no other purpose than for the making of umbrellas.

In the case of *United States* v. *Hudson Forwarding & Shipping Co.*, 18 C. C. P. A. (Customs) 258, T. D. 44427, the words "waterproof cloth" as appearing in paragraph 907 of the Tariff Act of 1922, a provision substantially the same as that here involved, were construed to mean "cloths which were designed or intended in their manufacture to repel water, or which are suitable for use as material for articles designed to repel water."  This construction was adopted and followed in the cases of *United States* v. *E. Dillingham, Inc.*, 19 C. C. P. A. (Customs) 210, T. D. 45297; *United States* v. *Western Commercial Co.*, 20 C. C. P. A. (Customs) 239, T. D. 46040; *C. A. Auffmordt & Co.* v. *United States*, 68 Treas. Dec. 48, T. D. 47792; *H. A. Caesar & Co. et al.* v. *United States*, 6 Cust. Ct. 455, C. D. 515; and *Fred'k J. Voelpel et al.* v. *United States*, 24 Cust. Ct. 431, Abstract 54256.

This court is of opinion that the facts established herein bring the items of merchandise specifically referred to at the trial, within the rule of the cited cases.

Accordingly, therefore, we hold that invoice item numbers 830, 400, 531, 671, and 630 are waterproof cloth within the purview of paragraph 907, *supra*, dutiable at the rate of 40 per centum ad valorem in the case of merchandise entered for consumption prior to May 1, 1935, or at the rate of 30 per centum ad valorem, in accordance with the modification of said paragraph 907 in the trade agreement with Belgium and Luxemburg, *supra*, in the case of merchandise entered subsequent to said date, plus wherever applicable, the additional duty provided for in said paragraph 924. The claim in the protests is sustained to the extent indicated. All other claims are, however, overruled.

Judgment will be entered accordingly.